UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-1445-JLS-KK** | Date: | September 24, 2018 |

Title: *Todd Eric Dalton v. Raymond Madden, Warden*

---

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Granting Petitioner's Request for a Stay or Abeyance [Dkt. 5]

On July 6, 2018, Todd Eric Dalton ("Petitioner"), an inmate at Centinela State Prison proceeding with counsel, filed a Petition for Writ of Habeas Corpus by a Person In State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On July 12, 2018, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed for Failure to Exhaust ("OSC"). On July 31, 2018, Petitioner filed a response to the OSC requesting a stay or abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay"). For the reasons set forth below, the Court vacates the OSC and grants Petitioner's request for a Rhines stay.

## I.
## PROCEDURAL HISTORY

On August 9, 2001, following a jury trial in Riverside County Superior Court, Petitioner was convicted of two counts of continuous sexual abuse of a child, five counts of lewd and lascivious acts on a child, and two counts of forcible sexual penetration. ECF Docket No. ("Dkt.") 1, Pet. at 2; Lodg. 2 at 2.[1] On December 19, 2014, Petitioner was sentenced to an aggregate state prison term of 75 years to life. Pet. at 2.

---

[1] The Court's citation to Lodged Documents ("Lodg.") refers to the documents lodged by Respondent in support of his Opposition to Petitioner's Motion for Stay. See Dkt. 9.

Petitioner appealed his conviction to the California Court of Appeal. Pet. at 2-3. On April 28, 2016, the California Court of Appeal affirmed Petitioner's conviction, but vacated the sentence and remanded the case for resentencing. Pet. at 3; Lodg. 2 at 27.

Petitioner then filed a petition for review in the California Supreme Court. Pet. at 3; Lodg. 3. On July 27, 2016, the California Supreme Court denied review. Pet. at 3; Lodg. 4.

On remand, Petitioner was re-sentenced to an aggregate state prison term of 64 years to life. Pet. at 2.

Petitioner appealed his re-sentencing to the California Court of Appeal. Pet. at 2-3. On April 10, 2017, Petitioner hired counsel to investigate potential habeas claims. Dkt. 5 at 18. On May 31, 2017, the Court of Appeal affirmed the resentencing. Id.

On June 21, 2018, Petitioner filed a state habeas petition in the California Supreme Court raising the following five grounds: (1) Ineffective Assistance of Counsel – Failure to Hire Taint Expert; (2) Ineffective Assistance of Counsel – Failure to Hire Memory Expert; (3) Ineffective Assistance of Counsel – Failure to Object to Prosecutor's Eliciting Hearsay from Fresh Complaint Witness; (4) Ineffective Assistance of Counsel – Failure to Object to CSAAS Evidence; and (5) Cumulative Error. Pet. at 3-4, 91-342. The state habeas petition includes two declarations from experts dated May 22, 2018 and June 13, 2018. See Pet. at 91-342, Exs. 1, 2.

On July 6, 2018, Petitioner filed the instant Petition. Dkt. 1. Petitioner challenges his 2001 convictions and sets forth nine grounds for habeas relief: (1) Ineffective Assistance of Counsel – Failure to Hire Taint Expert ("Claim One"); (2) Ineffective Assistance of Counsel – Failure to Hire Memory Expert ("Claim Two"); (3) Ineffective Assistance of Counsel – Failure to Object to Prosecutor's Eliciting Hearsay from Fresh Complaint Witness ("Claim Three"); (4) Ineffective Assistance of Counsel – Failure to Object to CSAAS Evidence ("Claim Four"); (5) Cumulative Error ("Claim Five"); (6) Trial Court Error – proceeding on amended information in Petitioner's absence; (7) Due Process – proceeding in Petitioner's absence; (8) Due Process – Evidentiary Error; and (9) Due Process – Failure to Preserve Voir Dire and Opening Statement Transcripts. See id. Petitioner acknowledges Claims One through Five are currently pending before the California Supreme Court for the first time in Petitioner's state habeas petition. See id. at 10.

On July 12, 2018, the Court issued an OSC because the Petition contained both exhausted and unexhausted claims. Dkt. 4.

On July 31, 2018, Petitioner filed a response to the OSC requesting a Rhines stay to exhaust Claims One through Five ("Motion for Stay"). Dkt. 5. On September 6, 2018, Respondent filed an Opposition to the Motion for Stay arguing Petitioner waited too long to file his state habeas petition and is, therefore, not entitled to a Rhines stay. Dkt. 8. On September 18, 2018, Petitioner filed a Reply arguing Petitioner was diligent because counsel had to wait until the experts completed their reports before filing the state habeas petition. Dkt. 10.

The matter thus stands submitted.

///
///

## II.
## DISCUSSION

## PETITIONER IS ENTITLED TO A RHINES STAY

**A.  Applicable Law**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

**B.  Analysis**

The Court finds Petitioner has met all three requirements for a stay under Rhines.

First, the Court finds Petitioner has alleged sufficient facts showing "good cause" under Rhines.  See Rhines, 544 U.S. at 277.  "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (suggesting a petitioner could file a "protective" petition in federal court in order to avoid the "predicament" of "litigating in state court for years only to find out at the end" the state court petition was never "properly filed" and thus that his federal petition is time barred).  Here, Petitioner is reasonably concerned his state court petition may be found to be untimely, in that it was filed on or about June 21, 2018 – 346 days after his conviction and sentence became final on July 10, 2017[2], and, therefore, that a federal habeas petition filed after July 10, 2018 could be time-barred.  See Dkt. 5 at 12 ("Dalton needed to file a

---

[2]   If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision.  Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008); see Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision in a [criminal] proceeding . . . , including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").  Here, Petitioner's conviction became final on June 28, 2016, i.e. forty days after the California Court of Appeal denied his direct appeal of his re-sentencing.

'protective petition' in federal court within the AEDPA deadline in order to ensure against an unforeseeable state court determination that a state habeas petition, which would otherwise entitle Dalton to statutory tolling, was untimely.").

Second, upon review of Petitioner's five unexhausted claims, the Court finds they are not "plainly meritless." See Rhines, 544 U.S. at 277. Each of Petitioner's unexhausted claims appear to at least raise a colorable federal claim, and therefore should not be precluded from review. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

Lastly, as to the third requirement for a stay under Rhines, the Court finds no evidence Petitioner has engaged in abusive litigation tactics or intentional delay in trying to bring his remaining unexhausted claims. See Rhines, 544 U.S. at 278. Petitioner's counsel states that after she was hired on April 10, 2017, she needed time to get Petitioner's appeal transcripts, his trial file, and trial exhibits as well as time to contact experts and witnesses. Dkt. 5 at 18. Notably, Petitioner's counsel did not receive the declarations and reports from the experts until May 22, 2018 and June 13, 2018. Petitioner's counsel promptly filed the state habeas petition and the instant federal Petition upon receipt of the expert reports. Therefore, Petitioner appears to be diligently pursuing his claims. Under these circumstances, the Court finds Petitioner has not engaged in abusive litigation tactics or intentional delay. See id. Thus, a stay under Rhines is warranted here and Petitioner's request is **GRANTED**.

## III.
## CONCLUSION

Accordingly, it is ORDERED:

1. The July 12, 2018 Order to Show Cause is VACATED;

2. Petitioner's Request for Stay or Abeyance is GRANTED;

3. This action is now STAYED and the Clerk shall ADMINISTRATIVELY CLOSE it;

4. Petitioner must, within **thirty (30) days** of a final decision by the state courts on the Petition's unexhausted claims, move to reopen this action and lift the stay; and

5. Nothing further will take place in this action unless and until Petitioner timely moves to reopen it and lift the stay. Once the stay is lifted, the Court will issue an initial order requiring a response to the Petition from Respondent.

**IT IS SO ORDERED.**